NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ISAIAH MILLIKEN AND EDWARD MILLIKEN, PETITIONERS, v. BOARD OF FREEHOLDERS, MONMOUTH COUNTY, RESPONDENT.

Decided December 11, 1935.

For the petitioners, *Thomas F. Shebell.*

For the respondent, *William A. Stevens.*

\*     \*     \*     \*     \*     \*     \*

It appears that the petitioners were in the employ of the respondent on January 24th, 1935, as laborers; that on that date they were assigned to a section of the highways of the county of Monmouth leading from Freehold to Matawan; that they were given shovels with which to remove snow from the highway; that the petitioners commenced work at about

six-thirty P. M.; that they were obliged to leave work about eleven P. M. on the same evening, for the reason that their hands and feet had become wet and frozen on account of the low temperature; that on the following day they were instructed by Walter Conover, county road supervisor, to go to Dr. Howard B. Mason for treatment. It developed that the petitioners were suffering from frostbite, due to the extreme cold weather and that as a result thereof, sustained both temporary and permanent disability.

It is not disputed that the respondent is the governing body of the county of Monmouth, in charge of the care and maintenance of the roads and bridges within the territorial limits of the county of Monmouth. It is also not disputed that on January 24th, 1935, a severe snowstorm and blizzard enveloped the county of Monmouth, and as a result thereof, the county highways over which the respondent had jurisdiction, were blocked to travel, due to drifting snow.

It is the contention of the respondent that the petitioners were employed in an emergency to clear county roads in Monmouth county following a snowstorm of approximately that date, of snow drifts blocking the county highway; that the employment was casual in the emergency and but temporary in character to meet the particular situation of opening the roads to travel.

It appears that the petitioners were employed for this specific work; that Isaiah Milliken had never worked for the county before, and that Edward Milliken had been previously employed by the county as a dishwasher, at one of the county homes, in the winter of 1933.

Section 23 (c) of chapter 95 of the laws of 1911, as amended (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3885, § **236-32 (c), reads as follows: "Employer is declared to be synonymous with master, and includes natural persons, partnerships and corporations; employe is synonymous with servant, and includes all natural persons who perform service for another for financial consideration, exclusive of casual employments, which shall be defined, if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in

connection with any business of the employer, as employment not regular, periodic or recurring."

Casual employment when connected with the employer's business, is defined in the act to be, "as employment, the occasion for which arises by chance or is purely accidental." The word "occasion" refers solely to the employment which must arise by chance or be purely accidental, in order to constitute the employment as a casual one.

The business of the county of Monmouth is to keep the roads in good repair and at all times keep them open for traffic and also to keep said roads free from snow and ice. Snow and ice are reasonably to be expected in the State of New Jersey during the winter time. Therefore, it cannot be fairly maintained that the occasion for the employment of the petitioners to remove the snow from the roads of the county of Monmouth was casual employment within the legislative definition. The occasion of the employment refers to the employment arising from the business of the employer, which, in this particular case, was to keep the roads free from obstructions arising from any cause, and therefore, when petitioners were employed, they were employed for employment within the scope of the employer's business. A fall of snow which obstructed the highways of the county of Monmouth was an incident among other things which might be expected to occur in the course of employer's business and be connected with it and hence the employment was within the scope of employer's business. It cannot be said that the occasion arose by chance or by accident, because a snow fall at the end of the month of January in the county of Monmouth is not such an unexpected event that it necessarily falls within the realm of chance.

It is my conclusion that the petitioners, Isaiah Milliken and Edward Milliken, sustained an accident arising out of and in the course of their employment with the respondent on January 24th, 1935, and that such employment was not casual employment.

\*   \*   \*   \*   \*   \*   \*

DANIEL A. SPAIR,
*Deputy Commissioner.*